IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-00889 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. 3582** |
| OWEN DUNN, | |
| Defendant. / | |

## INTRODUCTION

Defendant has filed a motion to reduce his sentence under 18 U.S.C. 3582(c)(2), in light of a retroactive crack cocaine guideline amendment. Defendant has indicated that probation finds that he is eligible for a sentence reduction but recommends against it. Defendant asks the Court to reduce his sentence of 100 months to 83 months. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010, which modified the penalties for crack cocaine offenses, reducing disparities for crack and powder cocaine. The Act authorized the United States Sentencing Commission to amend the Guidelines to give effect to the Act on an emergency basis. The Sentencing Commission, pursuant to this power, effectuated Amendment 748 on November 1, 2010, which revised the penalties for crack cocaine offenses. On November 1, 2011, the Sentencing Commission effectuated Amendment 750, which made the Amendment 748 changes permanent and Amendment 750 retroactive, effective

November 1, 2011.

On December 9, 2008, defendant Owen Dunn was indicted in a one-count grand jury indictment charging him with distribution and possession with intent to distribute five grams or more of cocaine base in the form of crack cocaine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B)(iii) and distribution and possession with intent to distribute cocaine base in the form of crack within 1,000 feet of a public-housing facility in violation of 21 U.S.C. 860(a). Defendant admitted to selling approximately 18 grams of crack cocaine to an individual working for the government and that the transaction occurred within a publicly-owned housing facility (Goldrosen Exh. A ¶ 2). On September 21, 2009, defendant pleaded guilty pursuant to a written Rule 11(c)(1)(C) plea agreement. As part of the plea agreement, defendant stated "I agree to waive any right I may have to file any collateral attack on my conviction(s) or sentence, including a petition under 28 U.S.C. 2255 or 28 U.S.C. 2241, or motion under 18 U.S.C. 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated" (*id.* ¶ 5).

The plea agreement stated that defendant's adjusted offense level was 23 and his criminal history category was V. Believing defendant's criminal history category was a V, the government miscalculated defendant's guideline range. The parties agreed to a sentence of 84 months. The correct determination of defendant's criminal history category, however, was VI, and the applicable guideline range was 92–115 months (compared to the amended guideline range which is 77–96 months). Probation recommended a sentence of 100 months. Nevertheless, at sentencing, the government honored its agreement with defendant, believing 84 months to be an "appropriate sentence given defendant's acceptance of responsibility and his agreement to accept an additional 16 months of imprisonment to run consecutive to this term for his violation of supervised release in a case before the Honorable Maxine M. Chesney as well as factors listed at 18 U.S.C. 3553(a)" (Goldrosen Exh. B at 2).

On December 15, 2009, defendant was sentenced to 100 months imprisonment followed by ten years of supervised release. Defendant did not seek to withdraw his guilty plea in light of the fact that his sentence was greater than the 84 months agreed to in the plea agreement.

**ANALYSIS**

Defendant now moves for a sentence reduction pursuant to 18 U.S.C. 3582. Probation has concluded that defendant is eligible for a sentence reduction under Amendment 750. The government agrees. However, the government objects to the requested reduction.

Section 3582(c)(2) provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The probation department issued a sentence reduction investigation report, concluding that defendant is eligible for a sentence reduction. The report states (Goldrosen Exh. C at 3–4):

> Pursuant to U.S.S.G. § 1.B.10(b)(1), in determining whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines had been in effect at the time the defendant was sentenced.

Pursuant to the amended guidelines, the adjusted offense level for defendant is 21, with a sentencing range of 77–96 months (*id.* at 4).

Given that both parties and probation agree that defendant is eligible for a reduction of sentence, the next question is whether, considering the factors set forth in 18 U.S.C. 3553(a), a sentence reduction is warranted. The Court concludes it is not.

The Section 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established . . .

3

>    (5) any pertinent policy statement . . .
>
>    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>    (7) the need to provide restitution to any victims of the offense.

The offense for which the challenged sentence was imposed was for distribution and possession with intent to distribute, within a publicly-owned housing facility, approximately 18 grams of crack cocaine to an individual working for the government. Defendant's criminal history is extensive, including juvenile convictions for petty theft, possession of a controlled substance, escape from a juvenile facility, and possession or purchase of cocaine for sell. His adult convictions include unlawful sexual intercourse with a minor, inflicting corporal injury on a spouse, escape from jail, and felon in possession of a firearm (Goldrosen Exh. C at 4).

Probation's sentence reduction investigation report also states that as a juvenile defendant was described as "very demanding, angry, and a volatile young man." The probation officer who authored the report concluded that defendant "continues to show a pattern of violent behavior, poor performance under supervision and during imprisonment." Furthermore, since being incarcerated on the instant conviction, defendant has had two disciplinary incidents. The first was fighting with another person on November 21, 2011, and the second was phone abuse and giving/accepting money without authorization on January 20, 2012 (Goldrosen Exh. C at 5).

Defendant has submitted numerous certificates and other documents that he has received during his period of incarceration. They are (Goldrosen Exh. F):

>    (1) Certificate of Achievement awarded to Owen Dunn for successful completion of Cage Your Rage Anger Management Class at USP Victorville, California on February 2, 2011;
>
>    (2) Certificate of Achievement awarded to Owen Dunn for the successful completion of the Adult Continuing Education Course Ivanhoe at USP Victorville, California;
>
>    (3) Certificate of Completion to Owen Dunn for satisfactorily completing Cartoon Drawing Class USP Victorville, California on February 28, 2011;
>
>    (4) Certificate of Achievement Awarded to Owen Dunn for successful completion of the Adult Continuing Education Course Last of the Mohicans USP Victorville, California;

4

    (5) Memorandum from Case Manager D. Pilant that Owen Dunn completed the Federal Bureau of Prisons 40 Drug Education Program;

    (6) Certificate of Verification from FCI Herlong Education Department that Owen Dunn successfully completed the Self Awareness course on January 18, 2012;

    (7) Inmate Financial Responsibility print-out showing that $100 special assessment was paid;

    (8) inmate education data transcript listing classes taken by Owen Dunn.

During his current term of imprisonment defendant has been transferred from a high to medium-security institution. Defendant argues that these documents demonstrate his "positive adjustment" during his prison incarceration (Br. 6; Dkt. No. 86). He further contends that many sentencing factors support a sentence reduction because by the government's own admission, he "made almost immediate efforts to enter into a plea of guilty," he "was not seen with a weapon" when he sold the drugs to the source and he was not found in possession of a weapon when later arrested (Goldrosen Exh. B at 2; Br. 7). As before the original sentencing, defendant reasserts that his brother is sick and in need of a kidney transplant. Defendant stated that he is willing to donate one of his kidneys to his brother and that he is a compatible donor. The record also includes a letter from his brother's social worker, dated April 24, 2009, stating that defendant is a possible kidney donor. This is sad, but was already considered at the time of original sentencing and does not warrant a change now.

Defendant argues that if his motion is denied, he will serve a sentence that is four months greater than the high end of the now-applicable guideline range, that the government never contended that category VI underrepresented defendant's criminal history, and that there is no justification for a sentence that is above the amended guideline range. Not so. At sentencing, the Court was clear that the 100-month sentence also took into account the supervised release violation in an action before Judge Chesney, for which defendant had agreed to accept an additional 16 months of imprisonment to run consecutive to the sentence he would receive in the

5

instant action (Dkt. No. 82 at 7).* Furthermore, the original sentence was not based solely on the guideline range; Section 3553 factors were carefully considered. As expressed at the original sentencing hearing, in the Court's view, "100 months is the overall right total" (*id.* at 11). Finally, it is worth noting that the defendant already received the benefit of the government's error in miscalculating the applicable guideline range based on the government's mistaken belief that defendant's criminal history category was V, when it was actually VI.

Defendant has a persistent, violent, and lengthy criminal history, including disciplinary incidents within the last year of incarceration. While the Court commends defendant on the work he has done while incarcerated the safety of the community is best protected by the defendant serving the entirety of his original sentence. The original sentence is also needed in order to afford adequate deterrence. While the situation with defendant's brother is sad, at this point, it is not clear that defendant is an acceptable donor or that serving the original 100-month sentence would prevent him from serving as a donor. To be sure, sentence reductions under the Fair Sentencing Act are sometimes warranted. *See USA v. Byes*, No. 05-167, Dkt. No. 1448 (N.D. Cal. 2008) (Alsup, J.). A reduction is not warranted here.

**CONCLUSION**

For the above-stated reasons, the motion to reduce defendant's sentence is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 18, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

* During sentencing, the parties contemplated requesting a transfer of the supervised release matter pending before Judge Chesney to this Court. The undersigned judge stated that he would stipulate to such a transfer. Because the 100-month sentence took into account the supervised release violation — but the parties had not yet moved to transfer the case and did not know if Judge Chesney would grant such a transfer — the undersigned judge included a safety valve for defendant, giving him four weeks in which to move to set aside the guilty plea and go to trial if things did not work out. No such motion was timely filed.

In the action before Judge Chesney, plaintiff was sentenced to 16 months on the supervised release violation to run concurrently with the sentence imposed in this action.

6